UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUANITA A.,[1]

                          Plaintiff,                    **DECISION AND ORDER**

v.                                                        1:20-CV-1911-JJM

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

        Plaintiff brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to review the final determination of the Commissioner of Social Security that she was not disabled. Before the court are the parties' cross-motions for judgment on the pleadings [11, 12].[2] The parties have consented to my jurisdiction [17]. Having reviewed the parties' submissions [11, 12, 13, 16], this action is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

**BACKGROUND**

        The parties' familiarity with the 1,998-page administrative record [9, 10] is presumed. On August 16, 2018, plaintiff filed an application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"), alleging a disability onset date of December

---

[1]    In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]    Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

1, 2015. Administrative Record [9] at 12, 243, 247, 253.[3]  Plaintiff complained of neuropathy in her left foot, use of a cane, spasms and pain, heart disease including two heart attacks, stents in her heart, diabetes, high blood pressure, depression, anemia, eye problems, and gastric bypass. Id. at 113, 283.  Plaintiff's claim was initially denied. Id. at 127, 158.

Administrative Law Judge ("ALJ") Michael Stacchini conducted a video hearing on March 3, 2020. Id. at 33-53.  Plaintiff was represented by an attorney. Id. at 36.

A.   The ALJ's Decision

On July 8, 2020, ALJ Stacchini issued a decision denying plaintiff's claim. Id. at 12-23.  He found that plaintiff had the following severe impairments: obesity, diabetes mellitus, diabetic neuropathy, carpal tunnel syndrome, rotator cuff syndrome, coronary artery disease, coronary atherosclerosis, obstructive sleep apnea, retinal tear left eye, and lattice degeneration. Id. at 15. He found plaintiff's impairments of anxiety and depression to be non-severe with no more than "mild" mental limitations. Id. at 15-16.

ALJ Stacchini determined that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined by the applicable regulations,[4] except that she could sit for six hours and stand or walk for two hours in a regular eight-hour workday; would require regular breaks of 15 minutes in the morning and afternoon with a half-hour to hour

---

[3]   The application summary in the record states that plaintiff applied for SSI benefits on October 6, 2018. Id. at 253. However, the parties do not dispute the ALJ's use of August 16th as the application date under both programs.

[4]   Sedentary work is defined to "involve[] lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §404.1567(a); 20 C.F.R. §416.967(a). Sedentary work may involve up to two hours of standing or walking and six hours of sitting in an eight-hour workday. Social Security Ruling 83-10.

midday break; could occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; could frequently reach, handle, and finger; must be permitted to use a cane for uneven terrain or prolonged ambulation, and must avoid work around unprotected heights and dangerous machinery. Id. at 17-18.

ALJ Stacchini found that, consistent with this RFC and the vocational expert's hearing testimony, plaintiff was not able to perform any past relevant work, but she could perform other jobs that exist in sufficient numbers in the national economy, such as addressor, charge account clerk, and document preparer. Id. at 22-23. Accordingly, he concluded that plaintiff was not disabled. Id. at 23.

B.     The Medical Opinion Evidence

In his decision, ALJ Stacchini reviewed the medical opinions of over a dozen providers. [9] at 20-21. Plaintiff focuses her appeal on the treatment of the medical opinions of Frank Perillo, D.P.M., and the joint medical opinion(s) of Muhammed Ghazi, M.D., and Nurse Practitioner Dimple Anand. Plaintiff's Brief [11-1] at 13-14.

Dr. Perillo was plaintiff's treating podiatrist, and he completed two Medical Examination for Employability Assessments for the New York State Office of Temporary and Disability Assistance dated October 25, 2018 and June 27, 2019. [10] at 1491-94. His assessments reflected a diagnosis of diabetic neuropathy pain that was unresponsive to medication. Id. He expected this condition to be permanent. Id. at 1491, 1493. He indicated that plaintiff was "moderately limited" in pushing, pulling, and bending, and "very limited" with respect to walking, standing, stairs and other climbing. Id. at 1492, 1494. He stated that plaintiff "cannot stand or ambulate for prolonged periods of time". Id.

ALJ Stacchini found Dr. Perillo's reports "partially persuasive", noting that Perillo's assessments appeared to be supported by his own observations and treatment of plaintiff. [9] at 21. ALJ Stacchini described the limitations assessed by Perillo as "not well defined" but appearing to limit plaintiff to "light work". Id. ALJ Stacchini went on to find such assessment "not entirely consistent" with the record, in that plaintiff's use of a cane and reports of pain required further limitation to sedentary work with regular breaks. Id.

Dr. Ghazi and NP Anand, plaintiff's primary care providers, coauthored a Medical Examination for Employability Assessment dated December 20, 2017. [10] at 1478-84. They diagnosed plaintiff with type II diabetes mellitus and neuropathy of the bilateral lower extremities. Id. at 1478. They indicated that plaintiff was "moderately limited" with regard to walking, standing, stairs and other climbing. Id. at 1479. They wrote that plaintiff had "difficulty walking long distances". Id. However, they noted that this condition and related limitations had an expected duration of four to six months. Id. 1479-80. On February 20, 2018, NP Anand modified the report to indicate that plaintiff was "very limited" with regard to walking, standing, stairs and other climbing, but otherwise leaving the report intact. Id. at 1484. ALJ Stacchini's decision does not mention Dr. Ghazi and NP Anand's report(s).

## ANALYSIS

A.   **Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)).  Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305

U.S. 197, 229 (1938); *see also* Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154 (2019); Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022) ("[a]lthough . . . the evidentiary threshold for the substantial evidence standard 'is not high,' . . . the substantial evidence standard is also not merely hortatory: It requires relevant evidence which would lead a 'reasonable mind' to concur in the ALJ's factual determinations").

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. *See* Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

**B.    Shortcomings in ALJ Stacchini's Analysis Require Remand**

Plaintiff argues that ALJ Stacchini's decision was not supported by substantial evidence because: (1) he failed to explain why he did not incorporate the limitations assessed by Dr. Perillo, including that plaintiff was "very limited" with respect to walking, standing, and stairs and other climbing (Plaintiff's Brief [11-1] at 15-17); and he failed to evaluate or even address the medical assessments of Dr. Ghazi and NP Anand, who made similar findings (*i.e.*, that plaintiff was "very limited" with respect to walking, standing, and stairs and other climbing). Id. at 12-14. I agree with plaintiff.

It is true that an ALJ "need not recite every piece of evidence that contributed to [her] decision, so long as the record 'permits us to glean the rationale of an ALJ's decision'". Cichocki v. Astrue, 729 F.3d 172, 178 n.3 (2d Cir. 2013). However, "[r]emand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review". Id. at 177. "While the ALJ is not obligated to 'reconcile explicitly

every conflicting shred of medical testimony,' she cannot simply selectively choose evidence in the record that supports her conclusions." Dioguardi v. Commissioner of Social Security., 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citations omitted). Further, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Social Security Ruling 96-8p (1996), 1996 WL 374184, *7; see Mary R. v. Commissioner of Social Security, 2022 WL 4376219, *2 (W.D.N.Y. 2022); Raychele K. v. Commissioner of Social Security, 2022 WL 4298258, *3 (W.D.N.Y. 2022); Dioguardi, 445 F. Supp. 2d at 297.

        Here, the record contains two sets of opinions from plaintiff's treating providers, one a specialist, asserting that she was "very limited" with respect to walking, standing, stairs and other climbing. [10] at 1484, 1492, 1494. ALJ Stacchini addressed only one of these opinions in his decision. [9] at 21. With only the explanation that "the limitations are not well defined", he concluded that Dr. Perillo's opinion was consistent with "light work". Id. It is difficult to see, without more, how ALJ Stacchini reached that conclusion. Light work can "require[] a good deal of walking or standing". 20 C.F.R. §§404.1567(b), 416.967(b). In fact, "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Social Security Ruling 83-10, 1983 WL 31251, *6. For that reason, light work generally accommodates only "moderate" limitations in walking, standing, bending, climbing stairs, lifting, and carrying. See Lisa B. v. Commissioner of Social Security, 2022 WL 6735016, *10 (N.D.N.Y. 2022) (collecting cases).

        In response, the Commissioner argues that the phrase "very limited" is not administratively defined, and that, reading the ALJ's finding in conjunction with Dr. Perillo's somewhat equivocal treatment notes and the other evidence of record, ALJ Stacchini's

interpretation of Dr. Perillo's opinion could be considered reasonable. Commissioner's Brief [12-1] at 16-17; Commissioner's Sur-Reply [16] at 2-3. I agree with the Commissioner that the phrase "very limited" is, by itself, somewhat subjective and is not quantitatively defined. *See, e.g.*, Insalaco v. Commissioner of Social Security, 366 F. Supp. 3d 401, 410 (W.D.N.Y. 2019).[5] I also agree that this phrase is not necessarily preclusive of some level of functionality. *See, e.g.*, Hamilton v. Astrue, 2013 WL 5474210, *15 (W.D.N.Y. 2013) (finding a medical opinion that plaintiff was "very limited" in her ability to stand, walk, push, pull, bend and climb "consistent with sedentary work").

Nonetheless, ALJ Stacchini's unexplained and otherwise dubious characterization of Dr. Perillo's opinion requires further explanation that the Commissioner may not supply *post hoc*. *See* Thomas v. Colvin, 302 F. Supp. 3d 506, 511 (W.D.N.Y. 2018) ("post hoc rationalizations are not an appropriate substitute for an ALJ's duty to support her conclusions by reference to substantial evidence"); Booker v. Astrue, 2011 WL 3735808, *5 (N.D.N.Y. 2011) ("it is an elementary rule that the propriety of agency action must be evaluated on the basis of stated reasons"). Unlike the Commissioner in its brief, ALJ Stachinni does not expressly review Dr. Perrillo's treatment records. I therefore find that ALJ's Stachinni's "vague and conclusory reasoning for rejecting portions" of Dr. Perillo's opinions "prevents meaningful review of his decision by the Court" and necessitates remand. Donald S. v. Commissioner of Social Security, 2022 WL 1302131, *4 (W.D.N.Y. 2022).

---

[5]     In some cases, unlike here, the medical assessment forms will provide some quantitative definition of these terms. *See, e.g.*, Merritt W. v. Commissioner of Social Security, 2021 WL 3052094, *2 (W.D.N.Y. 2021) ("[here,] the form itself indeed defines the ability levels: '[n]ormal functioning' means '[n]o evidence of limitation'; '[m]oderately limited' means '[u]nable to function 50% of the time'; and '[v]ery limited' means '[u]nable to function 75% or more of the time.'").

I am likewise concerned by the lack of any explicit reference to the opinions of primary care providers Dr. Ghazi and NP Anand ([10] at 1478-84) in the ALJ's decision. The Commissioner argues that the scope of these opinions was temporary, as they indicated an expected duration of only four to six months ([10] at 1479), and that their omission was otherwise harmless as those limitations were already accounted for by ALJ Stacchini in his RFC determination. Commissioner's Brief [12-1] at 18-21. Generally, however, some discussion of a relevant medical opinion is required, particularly from a treating source. *See* 20 C.F.R. §404.1520c(a)-(c). While "[t]he new regulations do not require the ALJ to give specific weight to any particular medical opinion; . . . they require that the ALJ articulate how he considered the medical opinions and how persuasive he finds the opinion." Jacqueline L. v. Commissioner of Social Security, 515 F. Supp. 3d 2, 8 (W.D.N.Y. 2021); *see also* Courtney S. M. v. Commissioner of Social Security, 2022 WL 2913883, *4 (W.D.N.Y. 2022); Commissioner's Brief [12-1] at 7 ("[t]he ALJ must explain in his or her decision how persuasive he or she finds a medical opinion").

The durational caveat as to Ghazi and Anand's functional limitations is certainly curious - and potentially relevant - but such *post hoc* rationalization for the omission of an opinion "cannot serve as a substitute for the ALJ's findings". Merkel v. Commissioner of Social Security, 350 F. Supp. 3d 241, 249 (W.D.N.Y. 2018). To the extent this type of omission could be considered harmless where the limitations assessed in the opinion are ultimately accounted for in the RFC (*see* Hazelton v. Commissioner of Social Security, 2017 WL 1437194, *6 (N.D.N.Y. 2017)), that is far from clear here. Among other things, ALJ Stacchini's finding that plaintiff could "occasionally climb ramps and stairs" is, on its face, at odds with Ghazi and Anand's opinion that plaintiff was "very limited" with respect to "stairs and other climbing". *See* Snead v.

Commissioner of Social Security, 2020 WL 1333505, *2 (W.D.N.Y. 2020) ("the ALJ's conclusion that Snead could 'occasionally climb stairs' is not consistent with Dr. Jung's assessment that Snead was 'very limited' in that activity").

In sum, ALJ's Stacchini's analysis of the treating source opinions in question frustrates meaningful judicial review. Therefore, remand is required.

## CONCLUSION

For the reasons stated above, plaintiff's motion for judgment on the pleadings [11] is granted to the extent of remanding this claim to the Commissioner for further proceedings consistent with this Decision and Order, and is otherwise denied, and the Commissioner's motion for judgment on the pleadings [12] is also denied.

**SO ORDERED**.

Dated: March 14, 2023

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge